```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

CLAY WALLACE,                     )
                                  )
            Plaintiff,            )
                                  )
      v.                          )    No.  4:03CV277 FRB
                                  )
JOHN COTTLE, et al.,              )
                                  )
            Defendants.           )

### **ORDER**

Presently pending before the Court is plaintiff Clay Wallace's Motion for Reconsideration (filed November 1, 2005/Docket No. 86). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). Defendants have not responded to the motion and the time for doing so has passed.

In the instant motion, plaintiff requests the Court to reconsider its Order entered September 29, 2005 (Docket No. 82), in which plaintiff's Second Motion to Compel Defendants Cottle to Disclose Location of Defendant Manyx was denied without prejudice. In support of his request to reconsider, plaintiff asserts that defendants have failed to comply with Fed. R. Civ. P. 26(a)(1)(A)'s mandate to provide initial disclosure relating to the name, address and telephone number of persons likely to have discoverable information in the cause. Plaintiff further contends that pursuant to Fed. R. Civ. P. 26(a)(5), he submitted requests for production

of documents to the defendants in August 2004, which have gone unanswered.  Plaintiff argues that because of the defendants' failure to comply with the Federal Rules of Civil Procedure regarding discovery disclosures and requests, his previously filed Second Motion to Compel should have been granted.

On October 18, 2005, this Court entered a Case Management Order which, <u>inter</u> <u>alia</u>, put in place a schedule governing discovery in this cause, including a deadline of November 18, 2005, by which all disclosures required under Fed. R. Civ. P. 26(a)(1) are to be made by the parties.  Inasmuch as such deadline has not yet passed, compelling defendants to comply with Rule 26(a)(1) at this time would be premature.  Likewise, Local Rule 26(B) states that discovery in civil causes of action before this Court is to commence in accordance with Fed. R. Civ. P. 26(d), which contemplates a conference between the parties to consider the nature of the case and a plan for discovery prior to the commencement of such discovery.  No such conference occurred in this cause and the Court, in its discretion, entered its Case Management Order without ordering the parties to submit to the requirements of Fed. R. Civ. P. 16, thereby alleviating the meet and confer requirements of Rule 26(d) and (f).  Accordingly, compelling defendants to respond to discovery requests when, arguably, such requests were prematurely made would be inappropriate.

However, given the present status of the case, and particularly, this Court's entry of the Case Management Order and the commencement of discovery in this cause, plaintiff's attempts to obtain discovery from defendants and defendants' obligation to respond thereto are no longer premature. Accordingly, to the extent plaintiff requests this Court to compel initial disclosure from the defendants under Fed. R. Civ. P. 26(a)(1) and/or to compel defendants to otherwise provide discovery in accordance with the other means provided by the Federal Rules of Civil Procedure, such requests should at this time be denied, but without prejudice to seek such relief upon the defendants' failure, if any, to now comply with the dictates of this Court's Case Management Order and/or the Federal Rules of Civil Procedure governing discovery.

Therefore,

**IT IS HEREBY ORDERED** that plaintiff Clay Wallace's Motion for Reconsideration (Docket No. 86) is denied, but without prejudice to plaintiff filing motions to compel if and when necessary in this cause.

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _16th_ day of November, 2005.